Reza Torkzadeh (CA Bar No. 249550)
**THE TORKZADEH LAW FIRM**
11601 Wilshire Blvd. Ste. 500
Los Angeles, CA 90025
Tel: (310) 935-1111 / Fax: (310) 935.0100
E-mail: Reza@TorkLaw.com

Attorney for Plaintiff
Sylvia Zamora

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| SYLVIA ZAMORA,<br><br>   Plaintiff,<br><br>   v.<br><br>MERCHANTS FINANCIAL GUARDIAN, INC.; and LAW OFFICES OF NGUYEN & HALE,<br><br>   Defendants. | Case No. 8:14-cv-01564<br><br>COMPLAINT FOR DAMAGES:<br>1. 15 U.S.C. §§ 1692, *et. seq.*<br><br>JURY TRIAL DEMANDED |

NOW COMES plaintiff SYLVIA ZAMORA, by and through her attorneys, The Torkzadeh Law Firm, in her claim for damages against defendants MERCHANTS FINANCIAL GUARDIAN, INC. and the LAW OFFICES OF NGUYEN & HALE.  Upon information and belief, Plaintiff alleges as follows:

### I. INTRODUCTION

1.   In violation of the Fair Debt Collection Practices Act ("FDCPA"), Defendants demanded collection of fees that could not legally be collected,

threatened to file lawsuit on amounts that Defendants could not sue upon, filed a lawsuit that demanded fees and costs without legal basis, and filed a false pleading stating Plaintiff's deceased husband and alleged co-debtor had been served by substituted service.  As a direct and foreseeable result of Defendants' wrongful actions, Plaintiff suffered injury and damages, including, but not limited to, emotional distress.

2. This is an action for actual damages, statutory damages, attorney's fees and costs brought by an individual consumer for Defendants' violations of the FDCPA, 15 U.S.C. §§ 1692, *et. seq*.  That act prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

3. Congress plainly stated its intent to curb said practices, saying "there is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors (15 U.S.C. § 1692(a)).  Existing laws and procedures for redressing these injuries are inadequate to protect consumers (15 U.S.C. § 1692(b)).  Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce (15 U.S.C. § 1692(d)).  It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors (15 U.S.C. § 1692(e)). . . ." Defendants' acts fall squarely within the ambit of Congress' intent, especially considering Defendants attempted to collect from Plaintiff amounts that cannot legally be collected and Defendant made false statements intended to induce Plaintiff into paying said amounts.

## II. JURISDICTION & VENUE

4. Per 28 U.S.C. §§ 1331 and 1337, this Court has original jurisdiction of this civil action because Plaintiff's FDCPA (15 U.S.C. §§ 1692, *et. seq*.) claims arise under United States laws designed to regulate commerce and protect trade.  Declaratory relief is available per 28 U.S.C. §§ 2201, 2202.

5.      Per 28 U.S.C. §§ 1391(b)-(d), venue is proper in this judicial district where a substantial part of the events or omissions giving rise to Plaintiff's claims occurred, where Defendants are headquartered and maintain their principal places of business, and where Defendants' contacts are sufficient to subject them to personal jurisdiction.  Per 15 U.S.C. § 1692k(d), venue is proper in this judicial district: an appropriate court of competent jurisdiction.

### III. PARTIES

6.      Plaintiff SYLVIA ZAMORA is a natural person residing in Orange County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).  Plaintiff has standing to bring this action because Defendants attempted to collect debts from Plaintiff that Defendants alleged Plaintiff was obligated to pay.

7.      Defendant MERCHANTS FINANCIAL GUARDIAN, INC. ("MERCHANTS") is a California Corporation engaged in the business of collecting debts in this state with its principal place of business located at 1215 W. Imperial Hwy. Ste. 105, Brea, Orange County, California 92821.  MERCHANTS may be served as follows: MERCHANTS FINANCIAL GUARDIAN, INC. c/o Registered Agent for Service of Process, Thomas Kugelmann, 1215 W. Imperial Hwy. Ste. 105, Brea, California 92821.

8.      MERCHANTS is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).  MERCHANTS regularly attempts to collect debts asserted to be owed or due another by using the instrumentalities of interstate commerce and the mails. MERCHANTS' website confirms the principal purpose of its business is to collect debts, stating "MERCHANTS FINANCIAL GUARDIAN, INC. is a full service debt collection company.  We have over 25 years of experience in the field of credit and collection." (http://www.mfgcollection.com).

///

9. Defendant LAW OFFICES OF NGUYEN & HALE ("N&H LAW") is a California business engaged in the business of collecting debts in this state with its principal place of business located at 1211 W. Imperial Hwy. Ste. 226, Brea, Orange County, California 92821. N&H LAW may be served as follows: LAW OFFICES OF NGUYEN & HALE c/o Principal, Robert C. Hale, 1211 W. Imperial Hwy. Ste. 226, Brea, California 92821.

10. N&H LAW is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6). N&H LAW regularly attempts to collect debts asserted to be owed or due another by using the instrumentalities of interstate commerce and the mails. MERCHANTS' website confirms N&H LAW is a regular debt collector, stating "Should your debtor have the assets to pay but refuse to do so, litigation will be immediately recommended. Our attorney has over thirty years of experience in collection law and has a network of associate attorneys throughout California." (http://www.mfgcollection.com). On or about March 1, 2013, N&H LAW'S principal, Robert Hale, represented to Plaintiff's attorney that N&H LAW has sued hundreds of debtors on similar accounts. On September 2, 2013 at 8:30a.m., N&H LAW appeared not only at Plaintiff's case management conference in the underlying state court action, but N&H LAW also appeared at three other debt collection lawsuit case management conferences in the same court and department. It is evident, for purposes of 15 U.S.C. § 1692a(6), from Defendants' representations and busy debt collection trial schedule that N&H LAW is regularly engaged in collecting debts allegedly due another.

11. At all relevant times, Defendants, and each of them, were officers, directors, agents, servants, employees and/or joint venturers of the other Defendants, and were acting within the full course and scope, purpose and authority of said office, directorship, agency, service, employment and/or joint

///

venture with the full knowledge, permission, consent and/or authorization of each of the other Defendants, named and unnamed.

12. Any reference hereafter to "Defendant" or "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## IV. FACTUAL ALLEGATIONS

13. Defendants attempted to collect from Plaintiff a debt alleged to be owed to creditor R-RANCH IN THE SEQUOIAS OWNERS' ASSOCIATION ("THE ASSOCIATION"). Defendants allege Plaintiff, on June 12, 1990, when a Grant Deed was recorded in Tulare County, California conveying to Plaintiff a 1/2500 undivided interest in a timeshare property, became bound by the Declaration of Covenants, Conditions and Restrictions ("CCR'S") prior recorded on February 14, 1999 in relation to that property. The CCR'S empowered THE ASSOCIATION to collect regular and special assessments for the purpose of constructing and maintaining improvements and recreational facilities for the benefit of the owners of every undivided interest in the timeshare. The CCR'S limited Plaintiff's use of the property to hiking, camping, horseback riding, fishing, swimming, sports and other recreational activities. THE ASSOCIATION'S assessments were thus primarily for Plaintiff's personal, family and household purposes, thereby constituting a debt per 15 U.S.C. § 1692a(5).

14. On December 14, 2013, THE ASSOCIATION assigned to MERCHANTS for collection a $7,000.07 debt allegedly owed by Plaintiff to THE ASSOCIATION for past-due assessments. *(See the assignment attached hereto as Exhibit A and incorporated by reference).* The assignment specifically related to past-due assessments for the years 2009 through 2013.

15. On December 18, 2013, MERCHANTS mailed Plaintiff a demand letter entitled "Notice of Legal Action." *(See the demand letter attached hereto as*

*Exhibit B and incorporated by reference).* Though the assignment only placed $7,000.07 with MERCHANTS for collection, the demand letter demanded immediate payment of $11,339.80 in principal, $1,760.43 in interest, $215.76 in attorney's fees, and $669.82 in court costs. The demand letter threatened "we intend to commence legal action against you . . . [that] can result in a judgment . . . [unless you] send the amount of $13,985.91 to our office immediately." The demand letter thus expressly stated, or at least strongly implied, the principal, interest, attorney's fees and court costs would be the amounts sued upon. This threat of legal action was false and was intended to induce Plaintiff to pay the amount of $13,985.91. THE ASSOCIATION did not assign to MERCHANTS $13,985.91 for legal action, and MERCHANTS ultimately filed suit against Plaintiff for only $7,000.07. *(See the lawsuit attached hereto as Exhibit C and incorporated by reference).* What's more, the $13,985.91 figure comprised amounts for principal, interest, attorney's fees and costs unrelated to the $7,000.07 assignment. The $13,985.91 figure was wholly derived from past judgments entered against Plaintiff. MERCHANTS had no legal basis or authority to initiate a new lawsuit to recover amounts awarded in prior judgments. The demand letter thus violated the FDCPA as follows:

- 15 U.S.C. § 1692e(2) – By falsely representing the character, amount and legal status of the debt.
- 15 U.S.C. § 1692e(5) – By threatening to take action that could not legally be taken and that was not intended to be taken.
- 15 U.S.C. §§ 1692e, e(10) – By using a false, deceptive or misleading representation in an attempt to collect a debt.
- 15 U.S.C. § 1692f – By using unfair or unconscionable means in an attempt to collect a debt.

///

- 15 U.S.C. § 1692f(1) – By attempting to collect an amount not expressly permitted by law or authorized by the agreement that created the debt.

16. The demand letter demanded immediate payment of $215.76 in attorney's fees and $669.82 in court costs. On the date of the demand letter, when lawsuit had not yet been filed, MERCHANTS had no legal basis for demanding payment of attorney's fees and court costs. Defendants' attorney's fees and costs associated with obtaining a judgment on delinquent assessments are controlled by Cal. Civ. Code § 5650 and Cal. Code Civ. P. §§ 1032-1034. Those statutes make clear that attorney's fees and costs are not allowed until the court determines who is the prevailing party and determines the appropriate amounts to be awarded. MERCHANTS had no legal authority to unilaterally add said fees and costs to the debt. The demand letter thus violated the FDCPA as follows:

- 15 U.S.C. § 1692e(2) – By falsely representing the character, amount and legal status of the debt.
- 15 U.S.C. § 1692e(5) – By threatening to take action that could not legally be taken and that was not intended to be taken.
- 15 U.S.C. §§ 1692e, e(10) – By using a false, deceptive or misleading representation in an attempt to collect a debt.
- 15 U.S.C. § 1692f – By using unfair or unconscionable means in an attempt to collect a debt.
- 15 U.S.C. § 1692f(1) – By attempting to collect an amount not expressly permitted by law or authorized by the agreement that created the debt.

///
///
///

17.     On December 23, 2013, N&H LAW, on behalf of MERCHANTS, filed suit against Plaintiff to recover the $7,000.07 assignment. *(See Exhibit C)*. N&H LAW'S lawsuit prayed for the recovery of attorney's fees and court costs in violation of Cal. Code Civ. P. § 1033(b)(2).  That statute reads, "those costs shall only be awarded to the [debt collector] if the court is satisfied that prior to the commencement of the action, the [debt collector] informed the [debtor] in writing of the intended legal action against the [debtor] and that legal action could result in a judgment against the [debtor] that would include the costs and necessary disbursements allowed by this paragraph."  MERCHANTS' December 18, 2013 demand letter was the only written communication conveyed to Plaintiff after the assignment and before N&H LAW filed its lawsuit.  That demand letter demanded amounts wholly derived from past judgments, amounts unrelated to the $7,000.07 assignment.  The least sophisticated consumer would not understand from that demand letter that MERCHANTS intended to sue upon the $7,000.07 assignment. That demand letter made no mention of the $7,000.07 assignment and made no mention of the specific assessments over which legal action would be commenced. Accordingly, neither MERCHANTS nor N&H LAW gave Plaintiff proper notice under Cal. Civ. Code P. § 1033(b)(2) before praying for attorney's fees and costs in their lawsuit.  Defendants' collections lawsuit thus violated the FDCPA as follows:

- 15 U.S.C. § 1692e(2) – By falsely representing the character, amount and legal status of the debt.
- 15 U.S.C. § 1692e(5) – By threatening to take action that could not legally be taken.
- 15 U.S.C. §§ 1692e, e(10) – By using a false, deceptive or misleading representation in an attempt to collect a debt.

///

- 15 U.S.C. § 1692f – By using unfair or unconscionable means in an attempt to collect a debt.
- 15 U.S.C. § 1692f(1) – By attempting to collect an amount not expressly permitted by law.

18. On February 13, 2014, Defendants filed a proof of service in the collections lawsuit stating Plaintiff's husband and alleged co-debtor had been served by substituted service on January 22, 2014. *(See the proof of service attached hereto as Exhibit D and incorporated by reference)*. This was a false statement made with the intent to confer upon the court jurisdiction over Plaintiff and her husband for the purpose of attempting to obtain and collect a judgment against them. In truth, Plaintiff's husband had been deceased since July 22, 2013, making it impossible for Defendants to serve him with lawsuit on January 22, 2014. On or about April 1, 2014, Plaintiff filed a Motion to Quash service on her deceased husband. At no time was a general appearance made on behalf of Plaintiff's deceased husband. On April 14, 2014, the court dismissed with prejudice all of Defendants' claims against Plaintiff's deceased husband. Defendants' proof of service thus violated the FDCPA as follows:

- 15 U.S.C. §§ 1692e, e(10) – By using a false, deceptive or misleading representation in an attempt to collect a debt.
- 15 U.S.C. § 1692f – By using unfair or unconscionable means in an attempt to collect a debt.
- 15 U.S.C. § 1692f(1) – By attempting to collect an amount not expressly permitted by law.

///
///
///
///

## V. FIRST CAUSE OF ACTION:
## FDCPA

19. Plaintiff brings the first claim for relief against Defendants under the FDCPA, 15 U.S.C. §§ 1692, *et. seq.*

20. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

21. Plaintiff is a "consumer," as that term is defined by 15 U.S.C. § 1692a(3), against whom Defendants attempted to collect a debt.

22. Defendants are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

23. The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

24. Defendants violated the FDCPA as described herein. Those violations included, but were not limited to, the following relevant provisions of the FDCPA: 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, 1692f(1).

25. Defendants' violations described herein were intentional and were intended to coerce Plaintiff into paying the alleged debt.

26. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

## VI. REQUEST FOR RELIEF

27. Plaintiff prays this Court:
    a. Assume jurisdiction in this proceeding;
    b. Declare that Defendants violated FDCPA provisions 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, 1692f(1);
    c. Award Plaintiff actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1692k(a)(1);

1
2
   d. Award Plaintiff statutory damages in an amount no greater than $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3
4
   e. Award Plaintiff attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

5
6
   f. Award Plaintiff such other and further relief this Court deems just.

7

8 Date: September 26, 2014   Respectfully submitted,

9                **THE TORKZADEH LAW FIRM**

10               By: /s/ Reza Torkzadeh

11                 Reza Torkzadeh (SBN: 249550)

12                 11601 Wilshire Blvd. Ste. 500
                  Los Angeles, CA 90025

13                 Tel: (310) 935-1111

14                 Fax: (310) 935-0100
                  E-Mail: Reza@TorkLaw.com

15

16               ATTORNEY FOR PLAINTIFF

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, SYLVIA ZAMORA, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Reza Torkzadeh
Reza Torkzadeh